IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

CIVIL ACTION NO. 5:98-3722-6

JOHN AND MARY ORCK, d/b/a )
Flower Country, )
 )
         Plaintiffs, )
 )
      -vs- )    ORDER
 )
TY, INC., )
 )
         Defendant. )

FILED
SEP 29 1999
LARRY W. PROPES, CLERK
COLUMBIA, S.C.

ENTERED
SEP 29 1999

This matter comes before the court on defendant's Motion for Summary Judgment. Plaintiffs allege the following four causes of action in their Complaint: (1) breach of contract (covenant of good faith and fair dealing), (2) wrongful termination of contract, (3) intentional interference with prospective contractual relations, and (4) violation of South Carolina Unfair Trade Practices Act.

Defendant Ty, Inc. is a manufacturer of stuffed toy animals referred to as "plush animals." One of its product lines, known as "Beanie Babies," has enjoyed significant success over the last several years both as a toy for children and as a collectible. Plaintiffs own and operate a florist and gift shop known as Flower Country which they acquired in 1991. Plaintiffs began purchasing plush animals in varying amounts from Ty, and at one point discontinued purchases for approximately a year, prior to 1997. In 1997, plaintiffs began to increase their purchases of "Beanie Babies" until they were notified by Ty that it was discontinuing the sale of its merchandise to Flower Country. During their business relationship, plaintiffs placed orders with Ty primarily by faxing an

1



order to a Ty sales representative, though on occasion they placed orders during a visit or telephone call by the sales representative or at a trade show. There was no written supply agreement; plaintiffs ordered on an as-needed basis, and Ty would ship the merchandise based upon availability, at times being unable to supply merchandise ordered by plaintiffs.

In their first cause of action, plaintiffs allege that Ty breached "the covenant of good faith and fair dealing present in all contracts," by discontinuing the sale of its merchandise to them. In fact, no contract existed requiring continued sales between plaintiffs and Ty. Plaintiffs submitted offers to purchase on an "as needed" basis which Ty accepted by shipping the merchandise as available. Sales contracts for the product shipped were, thus, entered between the parties in accordance with the provisions of S. C. Code Ann. Section 36-2-206 (1976). There was no supply contract calling for continued sales between the parties. Even if there had been such a contract, to be enforceable, it would have been required in writing pursuant to S. C. Code Ann. Section 36-2-201 (1976). Contrary to plaintiffs' argument, no exception to the requirement of a written contract is provided on these facts by Section 36-2-201(2).

In <u>Love v. Gamble</u>, 448 S.E.2d 876 (1994), a cucumber seller brought suit against a buyer who had terminated a previous purchasing relationship with the seller. The trial court granted the terminating buyer's motion for a directed verdict and the Court of Appeals affirmed, finding there was no contract to continue the sales relationship. As in <u>Love</u>, plaintiffs' first cause of action in this case fails as a matter of law.

In their second cause of action, plaintiffs incorporate the allegations of the first cause of action and allege Ty acted "arbitrarily, maliciously, and in bad faith" in wrongfully terminating the alleged contract with plaintiffs. Because there was no contract between plaintiffs and Ty which required Ty to continue to sell merchandise to plaintiffs, there was no contract to be wrongfully

2

terminated. Ty's termination of its business relationship with plaintiffs was not a termination of an existing contract, but was rather notification that Ty was no longer accepting any further offers to purchase merchandise submitted by plaintiffs. Thus, plaintiffs' second cause of action also fails as a matter of law.

In their third cause of action, plaintiffs allege Ty interfered with their prospective contractual relations. The elements of the cause of action for intentional interference with prospective contractual relations are: (1) the intentional interference with the plaintiff's potential contractual relations, (2) for an improper purpose or by improper methods, (3) causing injury to the plaintiff. There is simply no evidence in this case that Ty intentionally interfered with plaintiffs' potential contractual relations with any third party or that Ty acted for any improper purpose or used any improper methods. Ty simply ceased selling its products to plaintiffs. In Love, supra, the Court of Appeals noted that the South Carolina Supreme Court had recognized the cause of action for intentional interference with prospective contractual relations in the case of Crandall Corp. v. Navistar International Transportation Corp., 395 S.E.2d 179 (S.C. 1990). The Court of Appeals, however, went on to uphold the trial court's directed verdict on that cause of action against the plaintiff, observing as follows:

> In Crandall, the court points us to the Virginia case of Duggin v. Adams, 234 Va. 221, 360 S.E.2d 832 (1987) for a discussion of improper methods. There it is said:
>
>> Methods of interference considered improper are those means that are illegal or independently tortious, such as violations of statutes, regulation, or recognized common-law rules. Improper methods may include violence, threats or intimidation, bribery, unfounded litigation, fraud, misrepresentation or deceit, defamation, duress, undue influence, misuse or inside or confidential information, or breach of fiduciary relationship.
>>
>> Methods also may be improper because they violate an established standard of a trade or profession, or involve unethical conduct. Sharp

3

dealing, overreaching, or unfair competition may also constitute improper methods.

448 S.E.2d 882-3.

There are no statutory, regulatory nor common-law obligations or duties requiring defendant to sell its merchandise to plaintiffs, and there is no evidence defendant did anything other than discontinue its sales to plaintiffs, which it had the legal right to do.

In their final cause of action, plaintiffs allege defendant mandated that its "product be sold at a fixed retail price" and that defendant's "price fixing" constitutes an unfair and deceptive act and practice in violation of the South Carolina Unfair Trade Practices Act. When asked about these allegations at deposition, plaintiff John Orck testified that defendant indicated on its Web page that "Beanie Babies" were made for children and that they should be sold between five and seven dollars. He further indicated that defendant had sent a letter also stating that "Beanie Babies" should "be costed between five and seven dollars so they would be affordable to children," and that the Ty sales representative said that sales at prices outside that range would result in Ty discontinuing sales to them. This court concludes that defendant's unilateral action in mandating a sales price range for its products and in stating that it would terminate sales to those not conforming to its price range does not constitute a violation of the South Carolina Unfair Trade Practices Act.

S. C. Code Ann. Section 39-5-20(b) provides as follows:

> It is the intent of the legislature that in construing paragraph (a) of this section the courts will be guided by the interpretations given by the Federal Trade Commission and the Federal Courts to Section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), as from time to time amended.

It has long been settled law that a manufacturer does not violate the Federal Trade Commission Act "who simply refuses to sell to others, and he may withhold his goods from those who will not sell

4

them at the prices which he fixes for their resale." <u>Federal Trade Commission v. Beech-Nut Packing Co.</u>, 257 U.S. 441, 452-3 (1922). There are no allegations or evidence in this case that defendant did anything other than refuse to sell to plaintiffs and announce that it would not sell to customers who did not follow its recommended resale pricing. Having acted permissibly under the Federal Trade Commission Act, defendant did not violate the South Carolina Unfair Trade Practices Act as a matter of law.

For the reasons set out above, defendant's Motion for Summary Judgment is granted as to all causes of action.

*AND IT IS SO ORDERED.*

_____
CHARLES E. SIMONS, JR.
**SENIOR UNITED STATES DISTRICT JUDGE**

*Aiken, South Carolina*

*September ___28___, 1999*