**FILED**

JAN 31 2000

LARRY W. PROPES, CLERK
COLUMBIA, S.C.

Entered: 1-31-2000

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| **JOHN AND MARY ORCK,** d/b/a Flower Country, | C/A No. 5:98-3722-22 |
| PLAINTIFF, | |
| -vs- | **ORDER** |
| TY, INC., | |
| DEFENDANT. | |

By order of Judge Charles E. Simons, Jr., filed September 29, 1999, the court granted Defendant's Motion for Summary Judgment on all causes of action. After Judge Simons' death, the case was reassigned to this court. On October 9, 1999, Plaintiff moved pursuant to Rule 59(e), Fed. R.Civ.P., for reconsideration of Judge Simons' Order filed September 29,1999. After carefully reviewing the arguments of both parties in their briefs, and considering the applicable law, the court finds that Plaintiff's arguments are without merit or foundation and do not constitute proper grounds for relief under rule 59(e), Fed.R.Civ.P.

Rule 59(e), Fed.R.Civ.P. provides that, "A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." Although Rule 59 addresses grounds for new trials, some courts have reasoned that the concept of a new trial under Rule 59 is broad enough to include a rehearing of any matter decided by the court without a jury. 11 Wright & Miller, Federal Practice & Procedure Section 2804 (1973 & Supp. 1994)(citations omitted). Notwithstanding the broad nature of Rule 59, motions for reconsideration are disfavored. They are not a matter of routine practice. Settino v. City of Chicago, 642 F. Supp. 755, 759 (N.D. Ill. 1986). Several courts have observed that they are not expressly cognizable under the Federal Rules of Civil

Procedure nor authorized by the local rules of the district court. See, e.g., Fisher v. Samuels, 691 F. Supp. 63, 74 (N.D.Ill. 1988). Despite the above constraints, such motions may be appropriate when, for example, "applicable law or known facts have changed since an issue was submitted to the court." National Union Fire Ins. Co. of Pittsburgh v. Continental Illinois Corp., 116 F.R.D. 252 (N.D. Ill. 1987).

Motions for reconsideration are inappropriate merely to introduce new legal theories or new evidence which could have been adduced during the pendency of the prior motion. Keene Corp. v. International Fidelity Ins. Co., 561 F. Supp. 656 (N.D. Ill.), aff'd, 736 F.2d 388 (7th Cir. 1982). The Fourth Circuit recognizes only three limited grounds for a district court's grant of a motion under Rule 59(e), Fed.R.Civ.P.: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice. Hutchinson v. Staton, 994 F.2d 1076 (4th Cir. 1993). The Fourth Circuit has emphasized that counsel's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion. Id. (Citing Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

> As another court of this district has stated,
>
> Rule 59(e) of the Federal Rules of Procedure provides a mechanism for an aggrieved party to petition the Court to alter or amend a judgment under certain limited circumstances. The purpose of a Rule 59(e) motion "is to allow the court to reevaluate the basis for its decision." Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D.Pa. 1991). Because of the interests in finality and conservation of judicial resources, Rule 59(e) motions "are not at the disposal of an unsuccessful party to 'rehash' the same arguments and facts previously presented." Keyes 766 F. Supp. At 280; and "cannot be used to raise arguments which could, and should, have been made before the judgment issued," F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); or to submit evidence which should have been previously submitted. Borvan v. United States, 884 F.2d 767, 771

2

(4th Cir. 1989).

Rouse v. Nielsen, 851 F. Supp. 717 (D.S.C. 1994)(Shedd, J.)  Plaintiff's arguments for reconsideration represent the same arguments addressed and disposed of by Judge Simons in his Order filed September 29, 1999.  Moreover, Plaintiff's Motion for Reconsideration does not argue that an intervening change in the law has occurred, or that new evidence has come to light.  Nor has Plaintiff presented any grounds showing that reversal of Judge Simons' September 29, 1999 Order is necessary to correct a clear error of law or prevent manifest injustice.  See Hutchinson v. Staton, 994 F.2d 1076 (4th Cir. 1993).  Because Plaintiff has failed to satisfy any one of the three recognized grounds for relief under rule 59(e), IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED**.

CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Florence, South Carolina
January 31, 2000

3

AO 72A
(Rev.8/82)